{¶ 51} While I concur with the majority in its assessment of the first, second and third assignments of error, I respectfully dissent as to the fourth assignment. Specifically, I would vacate appellant's sentence and remand the cause for a new sentencing hearing.
 {¶ 52} Appellant was sentenced under R.C. 2929.14(B). The Ohio Supreme Court's recent decision in State v. Foster,
___ Ohio St.3d ___, 2006-Ohio-856, found several sections of the revised code to be unconstitutional, including R.C. 2929.14(B), and severed the offending portions from the statutes. As a result, trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or state reasons for imposing more than the minimum sentences. Foster, supra.
 {¶ 53} Because appellant's sentence was based on an unconstitutional statute, it is deemed void, and the appellant is entitled to a new sentencing hearing, although the parties may stipulate to the sentencing court acting on the record before it.Foster, supra.
 {¶ 54} In accordance with the decision in Foster involving appeals with sentencing claims pending on review, I would vacate appellant's sentence and remand this cause to the trial court for a new sentencing hearing.